## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LORNA MEYER, pleading on her own behalf and on behalf of all other similarly situated consumers, | ) ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No.  SA-17-CV-213-XR |
| *v.* | ) ) | |
| CHRISTUS HEALTH d/b/a TLRA DEBT RECOVERY, | ) ) ) | |
| *Defendants*. | ) | |

## ORDER

On this date, the Court considered the status of the above-styled and numbered case. After careful consideration, the Court GRANTS Defendant's Motion to Dismiss (Docket no. 29).

## BACKGROUND

Plaintiff filed her Original Complaint on March 17, 2017. Docket no. 1. Plaintiff filed her Amended Complaint on April 10, 2017, Docket no. 4, and filed her Second Amended Complaint on June 5, 2017. Docket no. 10. Plaintiff filed her live Third Amended Complaint on July 29, 2017. Docket no. 23. Plaintiff brings causes of action under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *Id.*

Plaintiff incurred a debt for medical treatment with Defendant Christus Health prior to February 16, 2017. Docket no. 23 at 2. Plaintiff alleges that Christus Health uses the name TLRA Debt Recovery ("TLRA") to collect its own debts and indicate to consumers that a third party is collecting or attempting to collect the debt. *Id.* Plaintiff thus alleges that Defendant is a "debt

collector" under 15 US.C. § 1692(a)(6). On or about February 16, 2017, Plaintiff alleges Defendant, using the name TLRA, sent its initial dunning letter to Plaintiff. *Id.*

Plaintiff states the first line of the letter states, "YOUR ACCOUNT HAS BEEN PLACED WITH OUR OFFICE FOR COLLECTIONS!" and alleges the letter is false, deceptive, and misleading under the "unsophisticated/least sophisticated consumer standard." *Id.* Plaintiff alleges the quoted statement is intended to convey to Plaintiff that her account has left the original creditor and has been placed with collections. *Id.* Plaintiff states the letter does not name Christus Health in the header, giving no indication TLRA is a "division" of Christus Health, and that the letter states Christus Health is a "client" of TLRA. *Id.* at 3.

Plaintiff alleges that Defendant "masquerades as TLRA," rather than sends out bills directly as Christus, because debt collectors instill fear in consumers and are more effective at collections. *Id.* Plaintiff alleges Christus is attempting to instill fear upon her that it will engage in additional collection activity. *Id.* Plaintiff argues these statements misrepresent material facts because Christus *is* TLRA, so the account is being sent from the same entity. *Id.* Plaintiff states the letter names Christus Health as the "Client" of TLRA, which is a false statement because TLRA is the same entity as Christus. *Id.*

Plaintiff also alleges the initial collection letter "overshadows" Plaintiff's right to dispute her debt. *Id.* at 4. Plaintiff states an initial collection letter must inform the consumer of her right to dispute a debt and no communication may overshadow or be inconsistent with that right. *Id.* Plaintiff states the collection letter states, "Please contact our office at 1-800-877-8572 to discuss your options, make a payment over the phone, or to establish a monthly payment plan to prevent further collection efforts," just above the notice of Plaintiff's dispute rights. *Id.* Plaintiff alleges

2

the term "discuss your options" implies that Plaintiff may take advantage of her dispute options over the phone, rather than in writing. *Id.*

Plaintiff also alleges Defendant engaged in misleading conduct when Defendant made a February 2017 phone call to attempt to collect a debt. *Id.*at 5. Plaintiff did not answer the call, and Defendant allegedly left a voicemail message that stated: "Hello, We have an important message from TLRA, the Collection Division of Christus Health. Please call 1-800-877-8572 at your earliest convenience. Have your home phone number available for the representative to assist you. Again that number is 1-800-877-8572. Thank you and have a nice day." *Id.* Plaintiff states that at the time of the call, she "had no recollection of the February 16th letter" and "did not recall that TLRA was a debt collector." *Id.* Plaintiff states, upon information and belief, that she had not read the initial collection letter. *Id.* Plaintiff alleges she did not know the purpose of the voicemail message after she listened to it. *Id.*

Plaintiff alleges Defendant failed to provide meaningful disclosure of the caller's identity and that the purpose of the call is unclear. *Id.* Plaintiff argues the "Collection Division of a hospital, which is also synonymous with a Billing Division," could call for many reasons, such as information on a patient's insurance, overpayment, an appointment, or to seek payment for a bill. *Id.* Plaintiff argues Defendant failed to provide meaningful disclosure concerning the purpose of the call by failing to indicate the call was made to collect a debt. *Id.*

Plaintiff also alleges that Defendant failed to state the required "Mini-Miranda language" and failed to properly inform Plaintiff of Defendant's status as a debt collector. *Id.* at 6. Plaintiff alleges Defendant made a material misrepresentation to Plaintiff regarding her rights. *Id.* Plaintiff alleges it is Defendant's regular practice to leave the message she received on voicemails of consumers who do not answer their phones. *Id.*

3

Plaintiff now brings claims for unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692g(b). *Id.* at 10. Plaintiff alleges Defendant violated the FDCPA by (1) failing to inform Plaintiff on a voicemail message as to the purpose of the phone call and not identifying itself as a debt collector, (2) instructing Plaintiff in a collection letter to call to dispute her debt in a way that overshadowed the dispute notice required by statute, and (3) making a false and deceptive representation to Plaintiff in the collection letter by implying its collective division TLRA is an independent third party debt collector. Plaintiff also brings her claims as a class action on behalf of herself and all "others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA." *Id.* at 7.

## DISCUSSION

### I.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must

contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.    Application

Defendant moves to dismiss Plaintiff's claims that the voicemail message was left in violation of the FDCPA, and that language in the collection letter overshadowed the dispute notice required by the FDCPA. Docket no. 29. Defendant also asks the Court to dismiss Plaintiff's related class action claims. *Id.* at 10. Although Defendant's Motion appears generally directed at the entire Complaint, it fails to address Plaintiff's claim that Defendant made a false and deceptive representation when it implied its collective division TLRA was an independent third party debt collector. Thus, the Court views Defendant's Motion as a partial Motion to Dismiss.

### A. Plaintiff does not adequately allege that Defendant's voicemail message failed to provide meaningful disclosure that it was a debt collector.

Plaintiff alleges Defendant violated the FDCPA because it failed to identify TLRA as a debt collector and did not indicate the purpose of the phone call on the voice message it left for Plaintiff. To prevail on an FDCPA claim, Plaintiff must prove (1) she has been the object of collection activity arising from a consumer debt, (2) Defendant is a debt collector defined by the FDCPA, and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *See Birdow v. Allen*, 2013 WL 4511639, at *2 (W.D. Tex. Aug. 23, 2013); *Browne v. Portfolio Recovery Assocs., Inc.*, 2013 WL 871966, at *4 (S.D. Tex. Mar. 7, 2013) (citing *Stewart v. Alonzo*, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009)). The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).

To determine if a debt collector has committed a violation, the debt collector's representations, notices, and communications to the consumer are viewed objectively from the standpoint of the "least sophisticated consumer" or an "unsophisticated consumer."[1] "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained, and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)).

A debt collector violates the FDCPA if it places "telephone calls without meaningful disclosure of the caller's identity" or, in subsequent communications, fails to disclose "that the communication is from a debt collector." 15 U.S.C. §§ 1692d(6), 1692e(11). The voicemail message, as a subsequent communication given that it followed the initial collection letter, only must disclose that the communication is from a debt collector. § 1692d(6).

Defendant argues that Plaintiff fails to adequately state a claim because the message sufficiently discloses that TLRA is a debt collector. Plaintiff alleges that Defendant fails to provide meaningful disclosure that it is a debt collector by stating on the voicemail message: "We have an important message from TLRA, the Collection Division of Christus Health." Plaintiff alleges the least sophisticated or an unsophisticated consumer would take "collection

---

[1] The Fifth Circuit has not yet chosen between the "least sophisticated consumer" and "unsophisticated consumer" standards, but it has explained that the unsophisticated consumer standard "serves the same purposes [as the least sophisticated consumer standard] and apparently would lead to the same results in most cases, except that it is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012).

division" to generally identify several possible types of divisions, only one of which is to seek collection of a debt.

Plaintiff does not sufficiently claim that the phrase "collection division" fails to provide meaningful disclosure that Defendant is a debt collector. In the message as Plaintiff alleges it, TLRA introduces itself as a division of Christus Health, and specifically states that it is a collection division. Even taking Plaintiff's allegations as true and construing them in a light most favorable to Plaintiff, the Court does not find that Plaintiff adequately alleges failure to meaningful disclose the identity of a debt collector when the phrase "collection division" is used. *See Beeders v. Gulf Coast Collection Bureau*, 796 F.Supp.2d 1335, 1340 (M.D. Fla. 2011) (finding use of the words "Collection Bureau" in name of calling entity was sufficient disclosure that it was a debt collector). Plaintiff alleges no other facts about the message that would lead the least sophisticated or an unsophisticated consumer to believe TLRA was anything other than a debt collector. Accordingly, Plaintiff does not adequately plead that Defendant, by identifying itself as "Collection Division," failed to provide meaningful disclosure as to its identity as a debt collector.

**B. Plaintiff does not adequately allege that Defendant's collection letter overshadows Plaintiff's dispute rights.**

Plaintiff alleges that Defendant violated the FDCPA because it instructed Plaintiff in a collection letter to call to dispute her debt in a way that overshadowed the required dispute notice. As stated above, Plaintiff must prove she was the object of collection activity arising from a consumer debt, that Defendant is a debt collector, and Defendant engaged in an act or omission prohibited by the FDCPA. *See Birdow*, 2013 WL 4511639, at *2 (W.D. Tex. Aug. 23,

2013). The debt collector's representations, notices, and communications to the consumer are viewed objectively from the standpoint of the least sophisticated or an unsophisticated consumer.

A debt collector violates the FDCPA if it fails to inform a consumer of her rights to dispute a debt. 15 U.S.C. § 1692g(a). If a consumer disputes the debt in writing within thirty days after receipt of a notice, the debt collector must "obtain verification of the debt or a copy of a judgment against the consumer" and mail the consumer "a copy of such verification or judgment." *Id.* Courts have held Section 1692g implies that the required disclosures "be set forth in a form and within a context that does not distort or obfuscate its meaning." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002); *see Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) (citing *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *Terran v. Kaplan*, 109 F.3d 1428, 1431–34 (9th Cir. 1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2nd Cir. 1996); *Miller v. Payco–General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)). A debt collector's letter engages in overshadowing when contradictory language is in "screaming headlines" or the notice language is in fine print, faint print, or confusing typeface. *Peter*, 310 F.3d at 349 n.2; *see Miller*, 943 F.2d at 483; *Rabideau v. Management Adjustment Bureau*, 805 F.Supp. 1086, 1090, 1094 (W.D.N.Y.1992).

Defendant argues that Plaintiff fails to adequately state a claim because Plaintiff makes no allegation that it failed to include each statutory disclosure required by the FDCPA. Plaintiff, however, alleges that certain parts of the collection letter overshadow Plaintiff's validation rights. Plaintiff alleges the bolded language in the letter overshadows her validation rights because it states, above the non-bolded language about validation rights, to: "Please contact our office at 1-800-877-8572 to discuss your options, make a payment over the phone, or to establish a monthly payment plan to prevent further collection efforts." Plaintiff argues the least

sophisticated or an unsophisticated consumer would read "discuss your options" in this sentence to mean the consumer can take advantage of dispute options over the phone, rather than in writing.

Courts have generally found contradiction or apparent contradiction of a consumer's validation rights "where payment is demanded in a concrete period shorter than the 30–day statutory contest period." *Peter*, 310 F.3d at 349; *see Terran*, 109 F.3d at 1434 (finding request for immediate phone call did not contradict printed notice); *Vasquez v. Gertler & Gertler, Ltd.*, 987 F. Supp. 652, 657 (N.D. Ill. 1997) (concluding request for payment without "further delay" did not "demand[ ] payment within a period shorter than 30 days."). Although the letter asks Plaintiff to contact Defendant by phone, that language does not contradict the language informing Plaintiff of her right to dispute her debt in writing, nor does the letter anywhere require Plaintiff to make an immediate payment. Plaintiff does not adequately allege that the sentence that immediately precedes the required validation rights language contradicts or overshadows that validation rights language. Accordingly, Plaintiff does not adequately plead that Defendant's collection letter includes language that overshadows her dispute rights.

## CONCLUSION

Defendant's Motion to Dismiss (Docket no. 29) is hereby GRANTED. Plaintiff's claims that Defendant's voicemail message failed to provide meaningful disclosure that it was a debt collector and that Defendant's collection letter overshadows Plaintiff's dispute rights are DISMISSED WITH PREJUDICE.[2]

---

[2] Any class claims related to the dismissed claims are also dismissed.

It is so ORDERED.

SIGNED this 27th day of September, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE